**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2412**

LARRY PAIR,

                Plaintiff - Appellee,

        v.

PAUL BURROUGHS; NICK WILDER; JAMES TIMOTHY MANN,

                Defendants - Appellants,

        and

JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6; JOHN DOE 7; CHRIS BRYANT; MARK GUNN; BOBBY CARMICHAEL; PHILLIP MAYES,

                Defendants.

**No. 16-2456**

LARRY PAIR,

                Plaintiff - Appellant,

        v.

PAUL BURROUGHS; NICK WILDER; JAMES TIMOTHY MANN; CHRIS BRYANT; BOBBY CARMICHAEL; PHILLIP MAYES,

                Defendants - Appellees,

and

MARK GUNN; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5; JOHN DOE 6; JOHN DOE 7,

Defendants.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:15-cv-00776-JAG)

———————————

Submitted:  July 24, 2017                                      Decided:  August 16, 2017

———————————

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Jim H. Guynn, Jr., GUYNN & WADDELL, P.C., Salem, Virginia, for Appellants/Cross-Appellees.  Bradley P. Marrs, MARRS & HENRY, Richmond, Virginia, for Appellee/Cross Appellant.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Burroughs, Nick Wilder, and James Timothy Mann (Prince George County, Virginia police officers) (hereinafter, "Appellants") appeal from the district court's orders denying in part their motion for summary judgment, ruling that, as to specific claims, qualified immunity was inapplicable at the summary judgment stage. Larry Pair cross-appealed the portion of the district court's orders granting summary judgment to Appellants and the remaining Defendants. We find that we lack jurisdiction over both appeals, as they are interlocutory.

Our jurisdiction to review orders originating in the district courts is limited to final decisions and certain interlocutory and collateral orders. See 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Under § 1291's final judgment rule, we generally lack jurisdiction over an order that fails to resolve all claims as to all parties in the action. *See Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000). There are, however, exceptions to this rule.

Although interlocutory orders generally are not appealable, orders rejecting a defendant's claim of qualified immunity can be immediately appealed, *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), provided that the denial of qualified immunity rests on a purely legal determination of whether the facts, as alleged by the plaintiff and accepted by the district court, establish a violation of a clearly established right. *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995); *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010). If, however, the argument on appeal targets the sufficiency of the plaintiff's

3

evidence in support of his claim, we lack jurisdiction over the interlocutory appeal. *Culosi*, 596 F.3d at 201. Thus, although we may not review a district court's determination as to whether the plaintiff has provided sufficient facts to constitute a claim, we may review a district court's legal conclusion that those facts constitute a violation of established law. *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc).

Here, the district court determined that there were "a number of disputed facts" and concluded that summary judgment in Appellants' favor on three particular claims was not warranted because Pair had presented evidence from which a jury could conclude that Appellants used excessive force. Thus, the district court's order reflects a finding that Appellants' entitlement to qualified immunity on the claims at issue was dependent on a jury's resolution of disputed material facts. The errors raised by Appellants on appeal further support this conclusion. First, Appellants assert that Pair did not present sufficient evidence to identify the officers who kneed him in the back and pushed him to the ground. Second, Appellants state that their actions were reasonable under the circumstances based upon the lack of evidence of an injury, the minimal use of force, and the belief that Pair could be armed and dangerous.

However, the district court specifically found that the amount of force used was a disputed issue of fact. In addition, Pair presented evidence, which if believed by a jury, could show a lasting physical injury and call into question the reasonableness of the officers' belief that Pair was armed and dangerous. In particular, the district court noted that Pair was outnumbered, had no visible weapons, had his hands visible and in the air,

4

and was neither menacing nor attempting to run. Accordingly, because a resolution of the qualified immunity defense first requires a resolution of the disputed facts, there is no purely legal issue to analyze in the subject appeal. *See Culosi*, 596 F.3d at 198 (order denying qualified immunity was "not immediately appealable because the district court merely determined that genuine issues of material fact existed – a determination not subject to interlocutory appeal"). As in *Culosi*, which we concluded was an unappealable denial of qualified immunity, "this is a case . . . in which the version of facts ultimately accepted by the fact finder will dictate the outcome of the constitutional [and statutory] inquiry." *Id.* at 203 n.6 (internal emphasis omitted); *see also Iko v. Shreve*, 535 F.3d 225, 235 (4th Cir. 2008) ("The court found that a number of genuine issues of fact remained unresolved, including whether Iko complied with the officers' orders . . . This finding is precisely the type of factual determination over which we lack jurisdiction at this stage in the litigation.").

Turning to Pair's cross-appeal, Pair seeks to challenge the portion of the district court's orders granting summary judgment to Defendants. However, the district court's order was not a final order, as it did not resolve all of Pair's claims in the case. As such, Pair's appeal is interlocutory.

Accordingly, we dismiss both appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*

5